**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| ANTHONY MALONE, | ) Case No. |
| Plaintiff, | ) ) ) |
| v. | ) **COMPLAINT FOR VIOLATIONS** |
| ICOSAVAX, INC., PETER KOLCHINSKY, HEIDI KUNZ, MARK MCDADE, JOHN W. SHIVER, ADAM SIMPSON, ANN VENEMAN, and JAMES WASSIL, | ) **OF THE FEDERAL SECURITIES** ) **LAWS** ) ) **JURY TRIAL DEMANDED** ) |
| Defendants. | ) ) ) |

Plaintiff Anthony Malone ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Icosavax, Inc. ("Icosavax" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by AstraZeneca plc ("AstraZeneca").[1]

2. On December 11, 2023, Icosavax entered into an Agreement and Plan of Merger ("Merger Agreement") with AstraZeneca's wholly owned subsidiary, AstraZeneca Finance and

---

[1] This proposed acquisition of the Company described will be referred to herein as the "Proposed Transaction."

Holdings Inc. ("Parent"), and Parent's wholly owned subsidiary Isochrone Merger Sub Inc. ("Merger Sub"). The Merger Agreement provides that AstraZeneca will acquire Icosavax in exchange for $15.00 in cash plus one contingent value right per share ("CVR") for each share of Icosavax common stock, via a tender offer (the "Tender Offer").[2]

3. The Company's corporate directors subsequently authorized the December 27, 2023, filing of a materially incomplete and misleading 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC.[3] The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[4]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] *The CVR represents the contractual right to receive a contingent payment of up to approximately $5.00 in cash upon the achievement of specified milestones,*

[3] *The Tender Offer commenced on December 27, 2023.*

[4] *The Tender Offer is currently scheduled to expire one minute after 11:59 p.m., New York City time, on January 26, 2024.*

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.     This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

9.     Plaintiff is, and has been at all times relevant hereto, the owner of shares of Icosavax common stock.

10.     Defendant Icosavax is a Delaware corporation with its principal executive offices located at 1930 Boren Avenue, Suite 1000, Seattle, Washington 98101. Icosavax's shares trade on the Nasdaq Global Select Market under the ticker symbol "ICVX." Icosavax is a clinical-stage biopharmaceutical company working to develop a new kind of vaccine that can protect vulnerable older adults from multiple respiratory viruses. The Company uses virus-like particles ("VLPs") to develop vaccines against infectious diseases. Icosavax's VLP platform incorporates antigen design capabilities and technology to enable multivalent, particle-based display of complex viral antigens, which it believes will induce broad, robust, and durable protection against the specific viruses targeted. Icosavax's lead product candidate, IVX-A12, is a combination vaccine candidate targeting respiratory syncytial virus ("RSV") and human metapneumovirus ("hMPV"). On

December 12, 2023, Icosavax announced positive topline interim results from its Phase 2 clinical trial of IVX-A12 against RSV and hMPV in older adults. The Company's pipeline includes additional candidates that provide optionality as potential components of future combination and pan-respiratory vaccines, including influenza and SARS-CoV-2.

11. Defendant Peter Kolchinsky is and has been a director of the Company at all times relevant hereto.

12. Defendant Heidi Kunz is and has been a director of the Company at all times relevant hereto.

13. Defendant Mark McDade is and has been Chair of the Board and a director of the Company at all times relevant hereto.

14. Defendant John W. Shiver is and has been a director of the Company at all times relevant hereto.

15. Defendant Adam Simpson has been Chief Executive Officer and a director of the Company at all times relevant hereto.

16. Defendant Ann Veneman is and has been a director of the Company at all times relevant hereto.

17. Defendant James Wassil is and has been a director of the Company at all times relevant hereto.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On December 11, 2023, the Company announced in relevant part:

4

SEATTLE, December 11, 2023 — Icosavax, Inc. (Nasdaq: ICVX) today announced it has entered into a definitive agreement pursuant to which AstraZeneca, through an acquisition subsidiary, will initiate a tender offer to acquire all of Icosavax's outstanding shares for a price of $15.00 per share in cash at closing, plus a non-tradable contingent value right to receive up to $5.00 in cash, payable upon achievement of specified regulatory and net sales milestones.

The upfront cash portion of the consideration represents an equity value of approximately $838 million and a 43% premium over Icosavax's closing market price on December 11, 2023, and a 73% premium to Icosavax's volume-weighted average price for the preceding 60 trading days. Combined, the upfront and maximum potential contingent value payments represent, if achieved, an equity value of approximately $1.1 billion and a 91% premium over Icosavax's closing market price on December 11, 2023, and a 130% premium to Icosavax's volume-weighted average price for the preceding 60 trading days.

The closing of the tender offer is subject to certain conditions, including the tender of shares representing at least a majority of the total number of Icosavax's outstanding shares, and other customary closing conditions and regulatory clearances. Upon the successful completion of the tender offer, a subsidiary of AstraZeneca will be merged with and into Icosavax and any remaining shares of common stock of Icosavax will be cancelled and converted into the right to receive the same consideration (including the contingent value right) per share payable in the tender offer. Subject to the satisfaction of the conditions in the merger agreement, the acquisition is expected to close in the first quarter of 2024.

Adam Simpson, Chief Executive Officer, Icosavax, said, "We are pleased to announce the proposed acquisition of Icosavax by AstraZeneca as we believe it offers the opportunity to accelerate, and expand access to, our potential first-in-class combination vaccine for older adults at risk from RSV and hMPV. We look forward to combining our skills and expertise in advancing the development of IVX-A12, with AstraZeneca's decades of experience in RSV, resources, and capabilities in late-stage development."

Iskra Reic, Executive Vice President, Vaccines & Immune Therapies, AstraZeneca, said: "This virus-like particle vaccine technology has the potential to transform prevention against severe infectious diseases, including RSV and hMPV. With the addition of Icosavax's Phase III-ready lead asset to our late-stage pipeline, we will have a differentiated, advanced investigational vaccine, and a platform for further development of combination vaccines against respiratory viruses. This aligns with our strategy to deliver a portfolio of therapies to address high unmet needs in infectious diseases, and our ambition to protect the most vulnerable patients who have high risk of severe outcomes."

Concurrent with this press release, Icosavax issued a press release announcing positive topline interim results for Icosavax's Phase 2 study of IVX-A12, a combination virus like particle (VLP) vaccine candidate targeting both respiratory

syncytial virus (RSV) and human metapneumovirus (hMPV).  The press release can be found at www.icosavax.com.

Centerview Partners LLC is serving as exclusive financial advisor to Icosavax and Latham & Watkins LLP is serving as legal counsel.

**The Materially Incomplete and Misleading Solicitation Statement**

20. The Board caused to be filed the materially incomplete and misleading Solicitation Statement with the SEC on December 27, 2023.  The Solicitation Statement, which recommends that Icosavax stockholders tender their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Centerview Partners LLC ("Centerview"); and (c) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

21. The Solicitation Statement fails to disclose material information concerning the financial forecasts for Icosavax, including the assumption underlying those projections.[5]

---

[5] *See* Solicitation Statement at 32.  These assumptions include without limitation:

> (1) revenue estimates based on various assumptions, including with respect to addressable patient population and age groups, United States and ex-United States commercial launch years, market penetration, time to peak sales, peak sales, inflationary factors, pricing, exclusivity, and potential outcomes with respect thereto for the commercialization of IVX-A12 post Phase 2 Data Results and other pre-clinical assets, (2) the probability of success in obtaining regulatory approval of IVX-A12 and other pre-clinical assets, (3) assumptions with respect to cost of goods sold and estimated sales, marketing and distribution expenses, (4) estimated royalty expenses payable by the Company based on the terms of the Company's existing relationships, (5) variable research and development expenses estimated based on the phase of each product candidate's development and launch . . . (7) the impact of future equity raises expected to be conducted, and (8) other corporate and general and administrative expenses generally.

*Id.*

22. The Solicitation Statement further fails to disclose the probability of achieving the applicable milestones under the CVR Agreement.[6]

23. The Solicitation Statement also fails to disclose the line items underling the Company's forecasted EBIT and Unlevered Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning Centerview's Financial Analyses*

24. The Solicitation Statement fails to disclose material information concerning Centerview's financial analyses.

25. With respect to the *Discounted Cash Flow Analysis* performed by Centerview, the Solicitation Statement fails to disclose: (a) the terminal values for the Company; and (b) the Company's fully-diluted outstanding shares used in the analysis.

26. With respect to the *Analyst Price Target Analysis* performed by Centerview, the Solicitation Statement fails to disclose the respective price targets observed and their sources.

27. With respect to the *Selected Precedent Premiums Paid Analysis* performed by Centerview, the Solicitation Statement fails to disclose the respective transactions observed and their corresponding premiums.

*Material Misrepresentations and/or Omissions Concerning Potential Conflicts of Interest Affecting Company Insiders*

28. The Solicitation Statement fails to disclose material information concerning potential conflicts of interest concerning Company insiders' potential conflicts of interest, including whether any of AstraZeneca' proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

---

[6] *See* Solicitation Statement at 34.

29. The Solicitation Statement also fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between Icosavax directors and executive officers and AstraZeneca, who participated in all such communications, when they occurred, and their substance.

30. The omission of the above-referenced information renders statements in the "Certain Unaudited Prospective Financial Information," "Opinion of the Company's Financial Advisor," "Background of the Offer and the Merger," and "Future Arrangements" sections of the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Icosavax will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder

31. Plaintiff repeats all previous allegations as if set forth in full.

32. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting Icosavax stockholders to tender their shares in the Tender Offer.

33. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

34. Section 14(d)(4) of the Exchange Act states:

> Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

35. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

36. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

37. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

38. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading.  Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

39. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of Icosavax, who will be deprived of their right to make an informed decision whether to tender their shares if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.  Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

### Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act

40. Plaintiff repeats all previous allegations as if set forth in full.

41. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

42. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to Icosavax stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning the financial forecasts for the Company, Centerview's financial analyses, and potential conflicts of interest faced by Company insiders.

43. Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer.

44. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

45.     Plaintiff repeats all previous allegations as if set forth in full.

46.     The Individual Defendants acted as controlling persons of Icosavax within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Icosavax, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

47.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Solicitation Statement.

49.     In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Solicitation Statement purports to describe the various issues and

information that they reviewed and considered—descriptions the Company directors had input into.

50. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Icosavax stockholders will be irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance

for Plaintiff's attorneys' and experts' fees; and

      E.      Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: January 11, 2024                    **LONG LAW, LLC**

                                            By: */s/ Brian D. Long*
                                                   Brian D. Long (#4347)
                                                   3828 Kennett Pike, Suite 208
                                                   Wilmington, DE 19807
                                                   Telephone: (302) 729-9100
                                                   Email: BDLong@LongLawDE.com

                                                   *Attorneys for Plaintiff*